UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCOLN ROCK, LLC,

    Plaintiff,

v.                                                                      Case No: 8:15-cv-1374-T-30JSS

CITY OF TAMPA,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION
TO OVERRULE OBJECTIONS AND TO
<u>ORDER PRODUCTION OF PERSONAL TAX RETURNS</u>**

THIS MATTER is before the Court on Defendant's Motion to Overrule Objections and to Order Production of Personal Tax Returns ("Motion") (Dkt. 28) and the response in opposition to the Motion filed by Plaintiff and non-parties Bernard Rock and Siri Rock (Dkt. 31). For the reasons that follow, the Motion is denied without prejudice because the Court lacks jurisdiction to compel Mr. Rock's production of documents absent a subpoena *duces tecum* directed to Mr. Rock.

Mr. Rock is Plaintiff's sole member, but is not a party to this case. (Dkt. 1 at ¶ 1.) The Motion concerns Defendant's request for Mr. Rock's personal tax returns for the years 2012 through 2015. (Dkt. 28.) This request is contained in Defendant's Amended Notice of Taking Videotaped Deposition *Duces Tecum* of Mr. Rock. (Dkt. 28-6.) However, Defendant did not serve a corresponding subpoena *duces tecum* on Mr. Rock pursuant to Federal Rule of Civil Procedure 45.

Plaintiff and Mr. Rock served objections to Defendant's request for his personal tax returns. (Dkts. 28-7, 28-8.) In response to the Motion, Plaintiff and the Rocks state that while Mr. Rock

agreed to appear and testify at the noticed deposition, he made no such agreement with respect to Defendant's request for document production of his personal tax returns. (Dkt. 31 at 5, n.4.)

Thus, before the Court is Defendant's request to compel Mr. Rock, a non-party, to produce documents without an accompanying subpoena *duces tecum*. Because Defendant did not serve a subpoena *duces tecum* upon Mr. Rock, the Court lacks jurisdiction to compel Mr. Rock's production of the requested tax returns. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection"); Fed. R. Civ. P. 30(a)(1) (stating that a "deponent's attendance may be compelled by subpoena under Rule 45"); Fed. R. Civ. P. 30(b)(2) (stating that a notice of deposition *duces tecum* should include a list of the requested documents as set forth in the corresponding subpoena *duces tecum*); *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, No. 07-61879, 2008 WL 5427785, at *1 (S.D. Fla. Dec. 30, 2008) ("In the absence of proper service of a subpoena on [a non-party] the Court lacks jurisdiction over the [non-party]" and cannot compel it to permit a party's inspection of its property); *Salter v. McNesby*, No. 306CV110MCREMT, 2007 WL 221392, at *2 (N.D. Fla. Jan. 25, 2007) (holding that a subpoena is required to compel attendance at a Rule 30(b)(6) deposition and that "attendance at a deposition cannot be compelled by notice alone"); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit"); *Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 602 (D. Kan. 1998) (denying a motion to compel because the non-party had not been served with a subpoena and, therefore, the court "does not have jurisdiction over the deponent to order him to answer the deposition question propounded to him or other questions of similar nature").

Accordingly, it is

**ORDERED** that the Motion (Dkt. 28) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record