UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINCOLN ROCK, LLC,**
**a Florida limited liability company**

      Plaintiff,                          Case No: 8:15-cv-01374-JSM-JSS

v.

**CITY OF TAMPA, a Florida**
**Municipal corporation,**

      Defendant.
_____/

## **LINCOLN ROCK'S RESPONSE TO MOTION TO STRIKE (DKT. 41)**

Plaintiff Lincoln Rock, LLC ("Lincoln Rock"), by and through undersigned counsel, hereby responds to the Motion to Strike and Preclude Plaintiff's Damage Claims Not Previously or Properly Disclosed (the "Motion") (Dkt. 41) filed by Defendant City of Tampa (the "City"). In its Motion, the City seeks to strike the Supplemental Rule 26 disclosure (the "Supplement") (Tab A hereto) served by Lincoln Rock on August 17, 2016, approximately two weeks before the August 29, 2016 close of discovery. The subject disclosures involve approximately $152,000 in damages consisting of "hard" expenses supported by invoices and similar documents. With the exception of copies of the Hill Ward & Henderson bills that were re-produced concurrently on August 17, 2016 with the Supplement (without redaction this time of the cost of the legal services), all of the subject documents had been previously produced. As set forth below, the expenses claimed as damages in the Supplement were in no way unexpected or novel such that the City could possibly claim any prejudice whatsoever from the particular timing or manner of Lincoln Rock's disclosure. Indeed, the City's

Motion is frivolous because Lincoln Rock made its August 17, 2016 disclosure prior to the date scheduled by the City to take the deposition of Lincoln Rock's corporate representative on damages, August 22, 2016. (Tab B hereto).

## I. INTRODUCTION AND FACTUAL BACKGROUND

Lincoln Rock was formed in 2012 to provide a facility where individuals afflicted with the disease of drug and alcohol addiction could live and receive treatment (the "Residential Treatment Facility"). (Dkt. 1 at ¶ 5). Pursuant to the City of Tampa's zoning classifications, Lincoln Rock's proposed site for the Residential Treatment Facility, located at 3303 W. Lemon Street/804 North Lincoln Street in Tampa (the "Property"), fell within a "RO-1 zoning district," thus, requiring Lincoln Rock to obtain a Special Use II permit. In early 2013, Lincoln Rock applied for a Special Use II permit for the Residential Treatment Facility (the "Application") at the Property. (Dkt. 1 at ¶ 19). Three consultants, Dr. Eric Kaplan, Jacki Krone and Althea Macaraeg-Greco, were hired to assist Lincoln Rock in this endeavor, and to help in the concurrent effort to obtain licensing for the Residential Treatment Facility from the State of Florida. Lincoln Rock hired an attorney, John B. Grandoff, III, at Hill Ward & Henderson, to assist Lincoln Rock with preparing the Application and acquiring the Special Use II permit.

After extensive review, the professional land planners at both the City of Tampa and the Hillsborough County City-County Planning Commission found that Lincoln Rock satisfied all of the City's land development codes and that approval of the Application was consistent with the City's comprehensive plan. (*Id.* at ¶ 33). A crowd of angry neighbors in red shirts appeared on June 13, 2013 at the City Council meeting opposing the Application

because they did not want recovering addicts in their neighborhood, contending, among other things, that Lincoln Rock's clients would be a danger to the elderly and children in the neighborhood, and would cause crime to increase. (*Id.* at ¶ 36). The lone City council member who voted in favor of the Application characterized the opposition's view in handwriting at the top of her agenda packet as "NIMBY" (a/k/a Not in My Backyard). (Tab C). In response to the angry neighbors, the City disregarded the conclusion of its professional land planners that the Application complied with the land development code, implemented the discriminatory desires of the neighborhood opposition, and denied the Application by a 6-1 vote. (Dkt. 1 at ¶ 38). Lincoln Rock was unable to open the Residential Treatment Facility, and was forced to sell the Property. (*Id.* at ¶ 39). Following the sale of the Property, Lincoln Rock brought suit against the City of Tampa for discrimination under the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"), seeking damages.

### Lincoln Rock's Initial Rule 26 Disclosure on Damages

Lincoln Rock timely served its Initial Disclosures on September 11, 2015, in which Lincoln Rock described the damages it sought as follows:

> **Expenses Related to City's Conduct** – Lincoln Rock is claiming that the City's conduct caused Lincoln Rock to lose its investment in the business. Documents evidencing the expenses incurred to date will be produced to the City.
>
> **Loss of Property Value/Profits:** Lincoln Rock is claiming that the City's conduct caused the property's value to be lower than it would have been had the City acted according to the law, and that the City's conduct likewise caused Lincoln Rock to lose profits that would have been enjoyed but for the City's conduct. An expert is computing this category of damages, which will be disclosed at that time set forth in the case management order.

Thus, from the very outset of this case, Lincoln Rock disclosed the damages it may seek as including "hard" monetary expenses, and lost property value. As shown below, this has not changed. Lincoln Rock subsequently provided the dollar amount of these claimed damages items, as well as the back-up for these damages items.

### Lincoln Rock Serves the Report of Dr. Henry Fishkind

As it indicated it would in its Initial Disclosures, Lincoln Rock hired a damages expert. Specifically, Lincoln Rock retained Dr. Henry Fishkind to compute damages ***relating to the Loss of Property Value*** based on the City's denial of the Application. Based on his extensive experience valuing entitlements of the type sought by Lincoln Rock, Dr. Fishkind determined that the best way to compute damages would be based on the market value of the licensed beds that were reasonably expected to be approved by the City, rather than on an analysis of lost profits. Lincoln Rock timely served Dr. Fishkind's expert report calculating damages on this basis. As it relates to the instant Motion (which is not directed to Dr. Fishkind's damages analysis), it is merely important to note that Dr. Fishkind was not asked to offer an opinion concerning the ***expenses related to the City's Conduct*** also sought by Lincoln Rock as damages. Rather, the out-of-pocket expenses sought by Lincoln Rock as damages are an additional form of damages that were not a subject of Dr. Fishkind's work in the first place.

### Expenses Incurred by Lincoln Rock for the Consultants

As discovery progressed, Lincoln Rock timely produced documents evidencing the expenses incurred in seeking local and state permits and approvals, including invoices and other documents showing payments relating to the consulting services of Dr. Eric Kaplan,

4

Jacki Krone, and Althea Greco. The City deposed each of these consultants on these issues as well as Bernard Rock, the sole member of Lincoln Rock. Further, the documents pertaining to the consulting work of Kaplan, Krone, and Greco were produced before they were deposed. Thus, the City has known literally for months through the document productions and the above depositions that these consultants were collectively paid $120,000 for their services; further, the City availed itself of the opportunity to ask these consultants questions at their depositions about the services they rendered. (Deposition of Eric M. Kaplan, M.D. on June 10, 2016, excerpts attached hereto at Tab D); Deposition of Jacki Krone on July 22, 2016, excerpts attached hereto at Tab E); Deposition of Bernard Rock on June 21, 2016, excerpts attached hereto at Tab F.)

### Expenses Incurred by Lincoln Rock for Hill Ward & Henderson

Attorney John Grandoff was deposed on July 21, 2016. Prior to Mr. Grandoff's deposition, Lincoln Rock had already produced to the City copies of Hill Ward's bills redacted for attorney client privileged communications, with the specific dollar charges likewise redacted. The City asked Mr. Grandoff extensive questions at his deposition about the work he and his firm provided on the Application and his firm's efforts to have the City approve the same. At that deposition, counsel for the City was informed by Lincoln Rock's counsel that Lincoln Rock had not yet determined whether it was going to seek the amount of fees of Mr. Grandoff's firm as damages in this case, and that Lincoln Rock would advise the City if it elected to do so. (Tab G at 86-87.) As set forth below, after Lincoln Rock elected to seek Hill Ward's fees as damages at trial, rather than after trial through post-judgment

5

motion practice, Lincoln Rock produced a copy of the Hill Ward invoices with the dollar charges included.

### The City of Tampa's August 2, 2016 Notice of Deposition of Lincoln Rock's Corporate Representative

On August 2, 2016, the City served a deposition notice for a Lincoln Rock representative with the most knowledge on the following topics:

- All expenses incurred by LR [Lincoln Rock].
- Damages alleged to have been suffered by LR [Lincoln Rock] as a result of the actions by the City as alleged in the Complaint.

(Tab B, Nos. 12 and 27.) Pursuant to its notice, the City set the deposition of Lincoln Rock's corporate representative on expenses and damages for August 22, 2016. In its deposition notice, the City also asked Lincoln Rock to produce documents relating to its damages claim. (*Id.* at p. 4, no. 10.)

### Lincoln Rock's August 17, 2016 Supplemental Rule 26 Disclosure

On August 17, 2016, approximately two weeks prior to the discovery cut-off, and prior to the scheduled deposition of Lincoln Rock's corporate representative on damages on August 22, 2016, Lincoln Rock filed the Supplemental Rule 26 Disclosure that is the subject of this Motion. Lincoln Rock's Supplement (Tab A) stated in relevant part as follows:

Damages: In addition to the damages set forth in Dr. Fishkind's previously-served expert report, Plaintiff will also be seeking as damages the following items at trial:

1. Consulting expenses for Dr. Eric Kaplan, Jacki Krone, and Althea Greco, in the amount of $120,000. These amounts and the services rendered by these consultants have been previously testified to at deposition by these individuals, as well as by Bernard Rock and Tom Lamb. Similarly, the supporting documentation for these paid expenses has previously been produced.

2.     Expenses for Hill Ward Henderson to prosecute special use application and subsequent pre-litigation efforts to obtain approval by City of Tampa: $32,174. Attached hereto are Hill Ward's bills showing amounts for services rendered in this regard.

**The City Pulls The Plug on the August 22, 2016 Corporate Representative Deposition**

Pursuant to the City's deposition notice, Lincoln Rock had prepared a corporate representative on Lincoln Rock's expenses and damages. However, the City instead elected at the last minute to cancel the scheduled corporate representative deposition. (Tab H).

## ARGUMENT

In its Motion, the City purports to be confused about Lincoln Rock's damages claim, and contends that the Supplement should be stricken either because of the City's confusion or because the Supplement is "untimely." As set forth above, however, Lincoln Rock has from the very beginning of this case indicated that it intended to seek expenses as damages in this case, in addition to damages from the lost value of the Property. If the City seriously is "confused," its remedy was to go forward with the corporate representative of Lincoln Rock on damages that it had already noticed for August 22, 2016, rather than to cancel the deposition and file the instant Motion.

Lincoln Rock's Supplement was timely. Rule 26 requires that parties disclose certain information, including the calculation of damages ***during discovery***. "Disclosures required under Rule 26(a) include a 'computation of each category of damages claimed by the disclosing party.'" *City of Rome v. Hotels.com, L.P.*, 549 F. App'x 896, 905 (11th Cir. 2013) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)). The "expense" damages sought by Lincoln Rock under the Supplement are recoverable in claims under the FHA and the ADA. *Pacific Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1169-71 (9th Cir. 2013);

7

*Samaritan Inns, Inc. v. D.C.*, 114 F.3d 1227, 1234 (D.C. Cir. 1997); *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1221–22 (7th Cir.1994). Specifically, a plaintiff in FHA and ADA cases may recover ***as damages*** its expenses (including attorney's fees) for pursuing permitting that is denied for discriminatory reasons. *Pacific Shores* at 1167.

Lincoln Rock has met all of the requirements under Rule 26. The Supplement includes damage computations that fall into "Expenses Related to City's Conduct" as referenced within the initial disclosures. Further, Lincoln Rock filed the Supplement ***before*** the close of discovery. Moreover, Lincoln Rock's Supplement did not alter the theory of damages. *Caruana v. Marcum*, No. 3:01-cv-1567, 2016 WL 4060691, *4 (M.D. Tenn. July 28, 2016) (stating that a supplemental response adding specificity to the damages calculations, does not fundamentally change the theory of damages and should not be stricken, even when filed after the discovery deadline). *See also, KCH Servs, Inc. v. Venaire, Inc.,* No. 05-777-C, 2010 WL 1416672, at *3 (W.D. Ky. Mar. 31, 2010) (finding that plaintiff's supplemental expert report did not harm the defendant when the report did not fundamentally change the plaintiff's approach to damages). Furthermore, the City cannot seriously contend that it has been harmed or prejudiced by the Supplement, since the City is the one that made the decision to first set and then cancel the deposition of Lincoln Rock's corporate representative on damages.

Additionally, the cases relied on by the City in its Motion are wholly inapplicable, falling generally into two categories. The City first cites cases where a disclosure ***never*** occurred during discovery. For example, in *Rojas v. Consuegra*, the court excluded evidence of damages where the initial disclosures were not filed until three days prior to close of

discovery, ***failed to ever provide*** a computation of actual damages, and as of the close of discovery, ***no claim for actual damages*** had been made. No. 6:14-cv-1374-Orl-22GJK, 2015 WL 7750612, * 4-5 (M.D. Fla. Nov. 16, 2015) (emphasis added). *See also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (finding sanctions appropriate where plaintiff never made a Rule 26 disclosure on lost profits during discovery).

The second category of cases incorrectly relied on by the City pertain to situations where the excluded evidence was untimely because the supplementation occurred ***after*** the discovery deadline had passed. *Mee Industries v. Dow Chemical Company,* 608 F.3d 1202, 1222 (11th Cir. 2010) (finding no abuse in rebuffing plaintiff's effort to introduce damages theory ***for the first time within the pretrial statement***). In *AVX Corp. v. Cabot Corp.*, the court found supplementation untimely because plaintiff chose not to disclose a Rule 26(a) computation of damages until April 14, 2008, ***four months after*** the discovery deadline elapsed. 251 F.R.D. 70, 76 (D. Mass. 2008). *See also, Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (affirming exclusion of evidence where plaintiff waited ***until trial*** to disclose the evidence).[1]

---

[1] The City cites *American Realty Trust, Inc. v. Matisse Partners, LLC*, 2002 WL 1489543 (N.D. Tex. July 10, 2002, Case No. Civ.A.3:00-CV-1801-G), as an example of a case in which a court struck a damages claim where the supplemental disclosure was provided two weeks after the close of discovery (but just two months before trial), and (according to the City's Motion), even where the amended disclosure resulted in a reduction of the plaintiff's claim by approximately $30 million. (Motion, p. 12.) Actually, the City has *American Realty* exactly backwards. The subject tardy disclosure in *American Realty* transformed the case from one worth $400,000 to one supposedly in the $30-$40 million range. *Id.* at *4-5. Thus, the court's decision in *American Realty* is not surprising. The City's citation to *Austrian Airlines v. UT Finance Corp.*, 2005 WL 977850 (S.D.N.Y. April 28, 2005, Case No. 04 Civ. 3854RCCAJP) is likewise misplaced, as the general category of damages at issue in *Austrian Airlines* (a supplemental disclosure based on "currency fluctuations") was never

Unlike the cases cited by the City, Lincoln Rock served its Supplement almost two weeks ***prior*** to the discovery deadline. Further, the Supplement was served in such away to avoid prejudicing the City because it was served the week prior to the already scheduled corporate representative deposition on damages. Moreover, the City had already extensively questioned Dr. Eric Kaplan, Jacki Krone, Althea Greco, and Bernard Rock on the fees paid to the consultants. Furthermore, the City had ample opportunity to depose but instead elected to strategically sticks its head in the sand by cancelling the very deposition it had scheduled on the issue of damages.

Regardless, even if this Court somehow found Lincoln Rock's Supplement untimely, any prejudice is easily ameliorated by permitting the City additional discovery. *Engle v. Taco Bell of America, Inc*, No.8:09-cv-2102-T-33TBM, 2011 WL 883639, at * 2 (M.D. Fla. Mar. 14, 2011) (stating that reopening discovery cures any prejudice that the plaintiff may have sustained due to untimely disclosures).  *See also, Hitachi Medical Systems America, Inc. v. Choe,* No. 5:10 CV 384, 2012 WL 4475561, * 5 (N.D. Ohio Sept. 26, 2012) (permitting whatever additional discovery needed as a result of the supplementation acts to ameliorate any prejudice supposedly resulting from a change in damages theory).

## II. <u>CONCLUSION</u>

For the above reasons, Lincoln Rock respectfully requests that the Court enter an Order denying Defendant's Motion, award Lincoln Rock its fees and costs in having to respond to the City's frivolous Motion, and grant any further relief that the Court deems appropriate.

---

referenced in any form in the initial Rule 26 disclosure, and the court expressly noted that such damages were not recoverable under the law anyway.

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2016, I served the following by e-mail to **TOYIN K. AINA-HARGRETT, ESQUIRE** (Toyin.Aina-Hargrett@tampagov.net, Lisa.Levy@tampagov.net), City of Tampa, 315 E. Kennedy Boulevard, 5th Floor, City Hall, Tampa, FL 33602; and **THOMAS P. SCARRITT, JR., ESQUIRE**, courtpleadings@scarrittlaw.com, 1405 W. Swann Avenue, Tampa, FL 33606, Attorneys for Defendant.

/s/   Jon P. Tasso
ETHAN J. LOEB
Florida Bar No. 0668338
ethanl@smolkerbartlett.com
susanm@smolkerbartlett.com
JON P. TASSO
Florida Bar No. 0120510
jont@smolkerbartlett.com
cynthiam@smolkerbartlett.com
DAVID SMOLKER
Florida Bar No.0349259
davids@smolkerbartlett.com
roxanner@smolkerbartlett.com
SMOLKER, BARTLETT, LOEB,
HINDS & SHEPPARD, P.A.
100 N. Tampa Street, Suite 2050
Tampa, Florida 33602
Attorney for Plaintiff