UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCOLN ROCK, LLC,

Plaintiff,

CASE NO.: 8:15-CV-01374-JSM-JSS

v.

CITY OF TAMPA,

Defendant.

_______________________________________/

**DEFENDANT CITY OF TAMPA'S EXPERT DISCLOSURE AND REPORT OF STEPHEN E. DURHAM, PH.D.**

The Defendant, City of Tampa, by and through its undersigned attorneys, and pursuant to Fed. R. Civ. Pro. 26(a)(2), hereby discloses the identity of expert Stephen E. Durham, PH.D. and provides his written report, as follows:

**1. A COMPLETE STATEMENT OF ALL OPINIONS THE WITNESS WILL EXPRESS AND THE BASIS AND REASONS FOR THEM (FED. R. CIV. P. 26(A)(2)(B)(I)**

Please see Dr. Durham 's Opinions and the Underlying Basis for Them, attached as Exhibit "1."

**2. THE FACTS OR DATA CONSIDERED BY THE WITNESS IN FORMING THEM (FED. R. CIV. P. 26(A)(2)(B)(II)**

The facts or data considered by Dr. Durham are contained in his report which is attached as Exhibit "1".

**3. ANY EXHIBITS THAT WILL BE USED TO SUMMARIZE OR SUPPORT THEM (FED. R. CIV. P. 26(A)(2)(B)(III)**

The exhibits used by Dr. Durham are the charts and data contained in his report attached as Exhibit “1”.

## **4. THE WITNESS'S QUALIFICATIONS, INCLUDING A LIST OF ALL PUBLICATIONS AUTHORED IN THE PREVIOUS 10 YEARS (FED. R. CIV. P. 26(A)(2)(B)(IV)**

Please see resume of Dr. Durham, attached as Exhibit "4."

## **5. A LIST OF ALL OTHER CASES IN WHICH, DURING THE PREVIOUS 4 YEARS, THE WITNESS TESTIFIED AS AN EXPERT AT TRIAL OR BY DEPOSITION (FED. R. CIV. P. 26(A)(2)(B)(V)**

Please see Listing of Prior Testimony 2012-Present in which Dr. Durham Has Testified as an Expert at Trial or By Deposition, attached as Exhibit "5."

## **6. A STATEMENT OF THE COMPENSATION TO BE PAID FOR THE STUDY AND TESTIMONY IN THE CASE (FED. R. CIV. P. 26(A)(2)(B)(VI)**

Please see Dr. Durham 's List of Fees and Charges for Serving as Expert in Lawsuit, attached as Exhibit "6."

6/15/16
DATE

STEPHEN E. DURHAM, PH.D.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 16th day of June 2016, a true and accurate copy has been furnished via Email to: Toyin K. Aina-Hargrett, Esq., Assistant City Attorney, City of Tampa, 315 E. Kennedy Blvd., 5th Floor, Tampa, FL 33602, Toyin.Aina-Hargrett@ci.tampa.fl.us,: Lisa.Levy@tampagov.net and Ethan J. Loeb, Esquire, David Smolker, Esquire, Jon P. Tasso, Esquire, Smolker, Bartlett, Loeb, Hinds & Sheppard, P.A., 100 N. Tampa Street, Suite 2050, Tampa, FL 33602, ethanl@smolkerbartlett.com, davids@smolkerbartlett.com, jont@smolkerbartlett.com.

/s/ Thomas P. Scarritt, Jr.
**THOMAS P. SCARRITT, JR.**
Florida Bar Number: 0378781
**MARTIN J. CHAMPAGNE, JR.**
Florida Bar Number: 0605921
SCARRITT LAW GROUP, P.A.
1405 West Swann Avenue
Tampa, Florida 33606
Email: courtpleadings@scarrittlaw.com
Telephone: (813) 258-2300
Facsimile: (813) 258-3242
Attorney for Defendant City of Tampa

EXHIBIT "1"

**A COMPLETE STATEMENT OF ALL OPINIONS**
**STEPHEN E. DURHAM, PH.D. WILL EXPRESS AND THE BASIS**
**AND REASONS FOR THEM**
**(FED. R. CIV. P. 26(A)(2)(B)(I)**

See attached.

Deiter Consulting Group, Inc.
John C. Deiter, Ph.D.
Stephen E. Durham, Ph.D
Cynthia Stephens, Ph.D.
Finnie B. Cook, Ph.D.

Deiter, Stephens, Durham & Cook
Economic and Financial Consultants

100 North Tampa Street
Suite 2410
Tampa, FL 33602
Phone (813) 223-7644
Fax (813) 223-7866

June 15, 2016

Mr. Thomas P. Scarritt, Jr.
Scarritt Law Group
1405 W. Swann Avenue
Tampa, FL 33606

**Re: Lincoln Rock, LLC v. City of Tampa**

Dear Mr. Scarritt:

At your request, we have prepared a valuation of the economic damages in the above matter. In our opinion, the economic damages total **$90,000** assuming wrongdoing by the City of Tampa.

**MATERIALS REVIEWED**

Expert Report of Henry H. Fishkind, Ph.D.
File of Henry H. Fishkind, Ph.D.
Acadia Healthcare Form 10ks, various years.
Materials available at AcadiaHealthCare.com.
Transcript of Tampa City Council Meeting June 13, 2013.
Complaint.
City Council Application File.
Tampa City Land Development Code 27-156.
Land Development Working File.
Deposition of Abbeye Feeley.
Deposition of Michael Suarez.
Expert Report of David DePew, Ph.D.
Expert Report of Harry Haroutunian, M.D.
Plaintiff's Notice of Serving Initial Rule 26 Disclosures.
Supplemental Rule 26 Disclosure of Dr. Kaplan.
City Council Evening Action Agendas for June 13, 2013.
Court Order dated April 25, 2016.
Information Retrieved from the Hillsborough County Property Appraiser www.hcpafl.org.
Appraisal Report of Lee Pallardy, Inc. dated June 13, 2016.
Report of Mary Ulrey.

Report of George Glass, M.D.

## BACKGROUND

It is our understanding that Lincoln Rock, LLC alleges economic damages due to the City of Tampa's denial of a Special Use permit for property owned by the plaintiff located at 3303 West Lemon Street and 804 North Lincoln Avenue in Tampa.

It is our understanding that the Plaintiff intended to establish a Residential Treatment Facility at this location. The facility was to be an inpatient only facility.

## OPINION

The expert report of Lee Pallardy, Inc. indicates that had the property in question been granted a Special Use permit, the value of the property would have been $825,000 as of June 13, 2013. Without the Special Use permit, the property was worth $735,000 as of that date. Therefore, the diminution in value due to being refused the Special Use permit was $90,000.

## ALTERNATIVE METHODOLOGIES

One alternative methodology would be to project the lost profits that the Plaintiff might reasonably have been expected to earn from the property in question. It is our understanding that the Plaintiff had no experience in operating a Residential Treatment Facility. As such, there is no track record for the property in question nor is there any information on comparable properties that the plaintiff operated since none exist. To our knowledge, in the almost 3 years since the denial of the Special Use permit, the plaintiff has not opened a facility in an alternative location. Given the lack of any financial information, it is our opinion that any lost profits analysis is speculative.[1]

The report prepared by Dr. Fishkind seeks to value the lost profits/value based on transactions relating to Acadia Healthcare. This company is a publically traded company with a current market capitalization of approximately $5.5 billion. According to Acadia

[1] Although Dr. Fishkind's report does not use the word speculative, it appears that he is of the same opinion.

Healthcare's 2015 Form 10k filed with the Securities and Exchange Commission (SEC), "our business strategy is to acquire and develop behavioral healthcare facilities". "For the year ending December 31, 2016, we expect to add approximately 800 total beds exclusive of acquisitions". This suggests that in addition to acquisitions, Acadia Healthcare builds facilities or expands existing facilities.

Dr. Fishkind identifies numerous acquisitions made by Acadia Healthcare and then chooses 8 asset acquisitions by Acadia Healthcare that he believes are comparable to the subject property in this matter. Dr. Fishkind's only selection criteria were facilities in the United States and those with less than 100 beds. This may be a tacit admission that there is a relationship between the size of the facility and the amount paid per bed by Acadia Healthcare. The attached figure shows that this is indeed the case. Smaller facilities were acquired at lower prices per bed than larger facilities.

Dr. Fishkind then concludes that since Acadia Healthcare paid an average price of $236,998 per bed in these 8 acquisitions, that Lincoln Rock should also be valued at $236,998 per bed.[2] Dr. Fishkind assumes that Lincoln Rock would have had 21 beds, and thus concludes a lost business value of $4,976,956. Note that Dr. Fishkind does not reduce this value by the $1,000,000 received by Lincoln Rock when they sold the property in March 2015. Lincoln Rock could not have been simultaneously purchased for $4,976,956 and have sold the assets of the company (the building) for $1,000,000.

Although Dr. Fishkind limits his "comparable" transactions to those with less than 100 beds, only one transaction has close to only 21 beds. Skyway, a treatment facility located in California, has 28 beds (and is thus still 33% bigger than the 21 beds posited by Dr. Fishkind for Lincoln Rock). Acadia Healthcare acquired this facility for $10,714 per bed. Dr. Fishkind does not address why this facility wouldn't be the most comparable to Lincoln Rock. Nor does he address why the weighted average acquisition price is a better (statistical) measure than the median price.

Even given these limitations, an unsubstantiated critical assumption made by Dr. Fishkind is the number of beds that Lincoln Rock would have had i.e., 21 beds. This is apparently based on 3 beds per room and 7 rooms. We do not know whether Lincoln Rock could have been licensed by the State of Florida to have 21 beds. Further, the 804 Lincoln, LLC Draft Budget anticipated 4 rooms shared by 3 people and 3 rooms shared by two people for a total of 18 beds, not 21.[3] Again, it is unknown if Lincoln Rock would have been licensed for 18 beds.

---

[2] Factually, there were only 7 acquisitions that meet Dr. Fishkind's selection criteria, not 8. It appears that Dr. Fishkind included the acquisition of Croxton Warwick Lodge, an inpatient psychiatric facility located in England. Since the price per bed associated with this acquisition was $650,000, the inclusion of this property inflates the average acquisition price. The correct weighted average acquisition price is $214,992.

[3] See LR050516-00000179-180 and LR050516-00001187-1188.

It is unlikely that Dr. Fishkind is contending that Acadia would have purchased the Lincoln Rock facility. Nevertheless, by adopting Acadia's acquisition strategy, he is implicitly assuming that another (unknown) buyer would have the same financial motivations as Acadia. Other than Acadia's stated business goal of "acquisitions", we have no idea how or why Acadia arrived at the acquisition prices. Whether another (unknown) buyer would have the same financial or business motivations is speculative.

Further, Dr. Fishkind's analysis explicitly assumes that any and every facility with x beds is worth $236,998 times x. This is akin to assuming that every 100 bed hotel is of the same value or that every restaurant with 10 tables has the same value. As far as can be deduced from Dr. Fishkind's file materials, there was no investigation of the number of beds per room at any the facilities acquired by Acadia versus the 3 per room incorporated in Dr. Fishkind's damages model, the daily rates charged at these facilities versus Lincoln's proposed rates, the size of the rooms or even what type of treatment facility the acquired businesses were. There is no consideration as to how long the facilities acquired by Acadia had been in business or what their financial track record was. There is no consideration of the size of the properties acquired by Acadia versus Lincoln Rock and thus no consideration of the expansion possibilities on any of the sites.

The largest acquisition by Acadia used by Dr. Fishkind was McCallum Place.[4] Acadia's Form 10k indicates that McCallum Place was acquired for $37.4m and that it has 85 beds ($440,000 per bed). According to the Form 10k, McCallum is an eating disorder treatment facility "offering residential, partial hospitalization and intensive <u>outpatient</u> treatment programs" (Emphasis added). Our review of Acadia Healthcare's website reveals that although the St. Louis, Missouri facility has inpatient programs as well as outpatient programs, the Columbia, Missouri and Kansas City, Kansas facilities do not.[5] This was confirmed by a telephone conversation by our office. Therefore, when Acadia Healthcare acquired McCallum, Acadia was acquiring substantially more than just 85 beds. Further a review of Acadia Healthcare's website reveals that all of the other "comparables" also have outpatient treatment programs.

In summary, there is insufficient evidence to conclude that the Acadia acquisitions used by Dr. Fishkind were comparable to Lincoln Rock and that the prices paid by Acadia are in any way a measure of the value of Lincoln Rock. Indeed, the closest acquisition, at least in terms of number of beds, was Skyway. This 28 bed facility was acquired by Acadia for $300,000 or far less than Lincoln Rock eventually sold their property for.

[4] Other than the erroneous inclusion of Croxton Warwick Lodge.
[5] Acadia also acquired a facility in Austin, Texas that has subsequently closed.

Attached to this report is a copy of my curriculum vitae listing my qualifications and prior publications. Also attached is a copy of my prior testimony from 2012 to present. Finally, attached is a statement of compensation to be paid in this matter.

The opinions expressed are subject to change on receipt of additional information and/or discovery.

Sincerely,

Stephen E. Durham, Ph.D.
DEITER, STEPHENS, DURHAM & COOK



EXHIBIT "4"

**THE QUALIFICATIONS OF STEPHEN E. DURHAM, PH.D. INCLUDING A LIST OF ALL PUBLICATIONS AUTHORED IN THE PREVIOUS 10 YEARS (FED. R. CIV. P. 26(A)(2)(B)(IV)**

See attached.

# STEPHEN E. DURHAM, PH.D.

Suite 2410
100 North Tampa Street
Tampa, FL 33602
Telephone: 813.223.7644
Fax: 813.223.7866
sdurham@dsdc.info

## PROFESSIONAL ECONOMIC CONSULTANT:

Valuation of economic and financial losses associated with personal injury, wrongful death, medical malpractice, business, agricultural damages, wrongful termination, securities litigation. Business valuation studies. Economic Planning.

Previously qualified as an expert in economic damages in Circuit Courts in the State of Florida and Federal Court.

Volunteered Pro-bono professional services for the September 11th Victim Compensation Fund.

## PROFESSIONAL ASSOCIATION MEMBERSHIPS:

American Economics Association
National Association of Business Economists
National Association of Forensic Economists
Southern Economics Association
Agricultural & Applied Economics Association

## PUBLICATIONS/SCHOLARLY PAPERS DELIVERED:

The Correct Value of Social Security Contributions in Personal Injury and Wrongful Death Settlements: A Comment. *Journal of Forensic Economics, Spring/Summer 1993.*

The Overstatement of Economic Damages in Personal Injury and Wrongful Death Lawsuits. *The Advocate, June 1992.*

Challenging the Testimony of an Annuity Expert in Personal Injury Lawsuits. *The Advocate, October 1990.*

The Macroeconomic Costs of the Common Agricultural Policy for the United Kingdom. *Cornell University/University Microfilms, January 1988.*

An Evaluation of Alternative Approaches to Market Share Analysis, with Application to the Kuwaiti Poultry Market. *Journal of Agricultural Economics, January 1987.*

Alternative Approaches to Market Share Analysis: An Application to the International Poultry Market. *American Agricultural Economics Association, Annual Meeting 1985.*

## EDUCATION:

Ph.D. 1988 Cornell University, Ithaca, New York. (Economics, Agricultural Economics, Econometrics & Quantitative Methods).

M.S. 1985 Cornell University, Ithaca, New York. (Price and Policy Analysis, Industrial Organization & Antitrust Law).

B.A. 1982 Manchester University, Manchester, England. (Economics).

EXHIBIT "5"

**A LIST OF ALL OTHER CASES IN WHICH, DURING THE PREVIOUS 4 YEARS, STEPHEN E. DURHAM, PH.D. TESTIFIED AS AN EXPERT AT TRIAL OR BY DEPOSITION (FED. R. CIV. P. 26(A)(2)(B)(V);**

See attached.

**Stephen E. Durham, Ph.D.**
**Listing of Prior Testimony 2012-Present**

| Case Name | Depo/Trial | Location (FL unless noted) |
|---|---|---|
| 2016 | | |
| Dominguez v. Hillsborough County | D | Hillsborough |
| Belzi v. Plantation General | D, T | Division of Adminstrative Hearings |
| McCool v. Woodstream et al. | D | Fed. Ct, West Palm Beach |
| Thrower v. Innocent et al. | D | Miami-Dade |
| Hyde v. Nicklaus Children's Hospital | D | Division of Adminstrative Hearings |
| Trickey v. Key West HMA et al. | D | Monroe |
| Anderson v. Allstate | D | Pinellas |

**Stephen E. Durham, Ph.D.**
**Listing of Prior Testimony 2012-Present**

| Case Name | Depo/Trial | Location (FL unless noted) |
|---|---|---|
| 2015 | | |
| Stanford v. Wal-Mart | D | Orange |
| Jarrell v. Florida Hospital | D | Osceola |
| Cruz v. Camden | T | Hillsborough |
| Soto Santiago v. Hernandez | D | Palm Beach |
| Samuel v. United | T | District Ct, USVI |
| Aubain v. Kazi Foods | D | District Ct, USVI |
| Matthews v. Mosaic et al. | T | Hillsborough |
| Starling v. Florida Urology Partners | D | Hillsborough |
| Spencer v. AJP Crestliner et al. | D | Federal Ct, Southern District |
| Phoenix Ink v. OfficeMax | D | U.S. Bankruptcy Court, Tampa |
| Elkins v. Ft. Myers Waterfront, LLC | D | Lee |
| Grimes v. Kozel | D | Pinellas |
| Novello v. Miller | D | Hillsborough |
| Clarke v. Plantation General et al. | D | Broward |
| Chen/Liu v. Pequeno | D, T | Miami-Dade |
| Vachon v. Travelers | D | Hillsborough |
| Wineinger v. Sutton | D | Orange |
| Dadi v. Gold et al. | D | Palm Beach |
| St. James/Hinyub v. Mortgage Investors | D, T | Pinellas |
| Mercado v. Swanson | T | Hillsborough |
| Smith v. Leesburg Regional | D | Lake |
| Nguyen v. Lauderdale Marine Center | T | Broward |
| Secret Kisses et al. v. Watson et al. | T | American Arbritration Assoc, Tampa |
| Serna v. Westside Reg. Medical | D | Division of Adminstrative Hearings |
| Sewell v. Racetrac Petroleum | D | Miami-Dade |
| Young v. St. Mary's | D | Division of Adminstrative Hearings |
| Bell-Gunzell v. Palm Beach Gardnens Med. | D | Division of Adminstrative Hearings |
| Thomas v. Delray Medical Center | D | Division of Adminstrative Hearings |
| Marshall v. USAA | T | Pinellas |
| Rodriguez v. Kendall 1 Plaza | D | Miami-Dade |
| Becker v. CYY Holdings | D | Polk |

**Stephen E. Durham, Ph.D.**
**Listing of Prior Testimony 2012-Present**

| Case Name | Depo/Trial | Location (FL unless noted) |
|---|---|---|
| 2014 | | |
| Rosak v. Verizon | D | Polk |
| Parker v. Simon | D | Charlotte |
| Berkey v. Boyer et al. | T | Manatee |
| Stein v. Arad et al. | D | Broward |
| Demming v. VI Water and Power | D | District Ct, USVI |
| Deffenbaugh v. Hernando-Pasco Hospice | D, T | Pasco |
| Matthews v. Mosaic et al. | D | Hillsborough |
| Estate of Chovel v. City of Miami | T | Miami-Dade |
| Attea v. U. of Miami et al. | D | Fed Ct, Southern District |
| Epic v. Culligan et al. | D | Miami-Dade |
| American Imperial Cinemas v. Roth Bros | D, D | Hillsborough |
| Samuel v. United | D | District Ct, USVI |
| Ritter v. K Mart | D | District Ct, USVI |
| Milov v. Allianz et al. | D | Miami-Dade |
| Carter v. TGH | T | Hillsborough |
| Strickland v. Rimes | D | Hillsborough |
| Silkworth v. G&S Melons | D, T | Hillsborough |
| Raja v. Englewood Community Hospital | D | Fed Ct, Tampa |
| Hill v. Leahy | D | Pasco |
| Xavier v. Treasure Bay | T | AAA, USVI |
| Jamison v. Lee | T | Manatee |
| Jackson v. Rodriguez | D | Hillsborough |
| Camargo v. Palms of Pembroke Condo | D | Broward |

**Stephen E. Durham, Ph.D.**
**Listing of Prior Testimony 2012-Present**

| Case Name | Depo/Trial | Location (FL unless noted) |
|---|---|---|
| 2013 | | |
| Wolf v. McCulley Marine Services | D | Federal Court, Tampa |
| Michael v. Rodriguez | D | Pasco |
| Beck v. Achem | D | Duval |
| Castillo v. K Mart | D | District Ct, USVI |
| Hindle v. St. Luke's | D | Broward |
| Acton v. Osprey Management | D | Sarasota |
| Wheeler v. DAB et al. | D | Citrus |
| Awwad v. Largo Medical Center | D | Federal Court, Tampa |
| Michaelsen v. Adv Neuromodulation | T | Pinellas |
| Elliott v. Parent | D | Manatee |
| Sterling v. Hudec | D | Hillsborough |
| Segui v. University Community Hosp | D | Hillsborough |
| Davis v. Martin | T | Pasco |
| LaRocca v. Scott-Martin et al. | D | Federal Court, Tampa |
| Haskopoulos v. Surovik | D | Pinellas |

**Stephen E. Durham, Ph.D.**
**Listing of Prior Testimony 2012-Present**

| Case Name | Depo/Trial | Location (FL unless noted) |
|---|---|---|
| 2012 | | |
| Rolle v. University of Miami et al. | T | Miami-Dade |
| Kelly v. Plantation General et al. | T | Broward |
| Morris v. Greyhound | D | Hillsborough |
| Ross v. St. Mary's | D | Palm Beach |
| Cortes v. TGH et al. | D | Hillsborough |
| Aruffo v. Palms of Pasadena | D | Pinellas |
| McAlpin-Clarke v. Marriott et al. | D | District Ct, USVI |
| Coe v. Lee R. Duncklee | D | Marion |
| Dennis v. Gramling | D | Pasco |
| Nobles v. Moukaddem et al | D | Pinellas |
| Gexpro v. NFIE | D | Hillsborough |
| Hollingsworth v. Sherrer et al. | D | Broward |
| Lufkin v. Karp et al. | D | Pinellas |
| McKoy v. Columbia HCA et al. | D | Broward |
| Chesney v. Hernando HMA et al. | D | Hernando |
| Goerlich v. Anderson | T | Volusia |
| Carrillo v. Davis et al | D | Fed Ct, Southern District |
| Herz v. Massachusetts Bay | D | Pasco |
| Wabnitz v. Sider | D | Seminole |
| Myrdal v. TGIF Fridays | D | Osceola |
| Cantore v. W. Boca Medical et al. | D | Palm Beach |
| Suplicki v. Palmer et al. | D | Hernando |
| Coleman v. Tucker Paving | D | Hillsborough |
| Big Pimpin v. Ring Power | D, T | Hillsborough |
| Howell v. Schulz | D | Pasco |
| Garrett v. Kaufman et al. | D | Dekalb, Georgia |
| Hassall v. Pyles | D, T | Manatee |
| Francis v. HOVENSA | D | District Ct, USVI |
| Abernethy v. Payne | D | Volusia |
| Davis v. Visionscape et al. | D | Orange |
| Mayorga v. Alorica | D | Fed Ct, Southern District, Miami |
| Berkey v. Boyer et al. | D | Manatee |
| Tait v. Walgreens | D | Hillsborough |

EXHIBIT "6"

**A STATEMENT OF THE COMPENSATION TO BE PAID FOR THE STUDY AND TESTIMONY IN THE CASE (FED. R. CIV. P. 26(A)(2)(B)(VI)**

See attached.

**Deiter Consulting Group, Inc.**
John C. Deiter, Ph.D
Stephen E. Durham, Ph.D
Cynthia Stephens, Ph.D.
Finnie B. Cook, Ph.D

Deiter, Stephens, Durham & Cook
Economic and Financial Consultants

100 North Tampa Street
Suite 2410
Tampa, FL 33602
Phone (813) 223-7644
Fax (813) 223-7866

# FEE SCHEDULE

| | |
|---|---|
| Stephen E. Durham, Ph.D. | $250 / hour |
| John C. Deiter, Ph.D. | $300 / hour |
| Cynthia Stephens, Ph.D. | $250 / hour |
| Finnie B. Cook, Ph.D. | $250 / hour |
| Economic Analysts | $165 / hour |
| Testimony (deposition or trial)<br>- *Deposition Testimony prepayment requested*<br>- *24-hour cancellation policy* | $750 plus expenses |
| Retention Fee | $1,000 |